1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| | |
|---|---|
| **ROBERT D. PIERCE,**<br><br>                              Petitioner,<br><br>         **v.**<br><br><br>**PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>                              Respondent. | Case No. 1:13-cv-00235 MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES** |

18

19

20

21

        Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

22

**I.        BACKGROUND**

23

24

25

26

        Petitioner is currently in the custody of the California Department of Corrections. On February 15, 2013, Petitioner filed the instant petition for writ of habeas corpus in this Court alleging constitutional violations with regard to his conviction in Fresno County Superior Court. (Pet., ECF No. 1.)

27

28

        Petitioner made no mention in his petition regarding whether his claims had been properly presented to the California Supreme Court. On April 3, 2013, this Court ordered

1   Petitioner to show cause why the petition should not be dismissed for failure to exhaust
2   state remedies. Petitioner was forewarned that the failure to comply with the order would
3   result in dismissal of the petition. (Order, ECF No. 8.)  Petitioner was ordered to file the
4   response within thirty days of service of the order to show cause.

5           Over thirty days have passed, and Petitioner has not filed a response.

6   **II.    DISCUSSION**

7           **A.    Procedural Grounds to Dismiss Petition**

8           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to
9   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the
10  petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes
11  to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust
12  state remedies may be raised by the attorney general, thus avoiding the necessity of a
13  formal answer as to that ground."  Based on the Rules Governing Section 2254 Cases,
14  the Court will determine whether Petitioner is entitled to relief pursuant to its authority
15  under Rule 4.

16          **B.    Exhaustion of State Remedies**

17          A petitioner who is in state custody and wishes to collaterally challenge his
18  conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.
19  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court
20  and gives the state court the initial opportunity to correct the state's alleged constitutional
21  deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.
22  509, 518 (1982).

23          A petitioner can satisfy the exhaustion requirement by providing the highest state
24  court with a full and fair opportunity to consider each claim before presenting it to the
25  federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.
26  270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the
27  petitioner must have specifically told the state court that he was raising a federal
28  constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

2

1   (9th Cir. 2000), amended, 247 F.3d 904 (2001). In <u>Duncan</u>, the United States Supreme

2   Court reiterated the rule as follows:

3           In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that
        exhaustion of state remedies requires that petitioners "fairly presen[t]"
4       federal claims to the state courts in order to give the State the
        "'opportunity to pass upon and correct alleged violations of the prisoners'
5       federal rights" (some internal quotation marks omitted). If state courts are
        to be given the opportunity to correct alleged violations of prisoners'
6       federal rights, they must surely be alerted to the fact that the prisoners are
        asserting claims under the United States Constitution. If a habeas
7       petitioner wishes to claim that an evidentiary ruling at a state court trial
        denied him the due process of law guaranteed by the Fourteenth
8       Amendment, he must say so, not only in federal court, but in state court.

9   <u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

10          Our rule is that a state prisoner has not "fairly presented" (and thus
        exhausted) his federal claims in state court *unless he specifically indicated*
11      *to that court that those claims were based on federal law.* <u>See</u> <u>Shumway</u>
        <u>v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme
12      Court's decision in <u>Duncan</u>, this court has held that the *petitioner must*
        *make the federal basis of the claim explicit either by citing federal law or*
13      *the decisions of federal courts, even if the federal basis is "self-evident,"*
        <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.</u>
14      <u>Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be
        decided under state law on the same considerations that would control
15      resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098,
        1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir.
16      1996); . . . .

17          In Johnson, we explained that the petitioner must alert the state
        court to the fact that the relevant claim is a federal one without regard to
18      how similar the state and federal standards for reviewing the claim may be
        or how obvious the violation of federal law is.
19
    <u>Lyons</u>, 232 F.3d at 668-669 (italics added).
20
            As stated above, Petitioner was informed by the Court that the claims of his
21
    federal petition were unexhausted and was ordered to show cause why the petition
22
    should not be dismissed. Petitioner has not provided any evidence that he filed a petition
23
    with the California Supreme Court. The Court is considerate of Petitioner's interest in
24
    having the present case adjudicated, however this Court cannot properly hear his claims
25
    until they are presented in state court.   As Petitioner has not shown that he has
26
    exhausted the claims in the instant petition with the California Supreme Court, the
27
    petition must be dismissed.
28

1

**ORDER**

2
     Accordingly, IT IS HEREBY ORDERED that:

3
     The Petition for Habeas Corpus be DISMISSED without prejudice.[1]

4

5

6

7
IT IS SO ORDERED.

8
    Dated:   May 24, 2013          /s/ *Michael J. Seng*

9
                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27
[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).

28